UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BERNARD WILLIAMS, SR., | ) | |
| | ) | C/A No.: 4:11-cv-1454-JFA-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

**I. PROCEDURAL HISTORY**

The Plaintiff[1] filed applications for DIB alleging disability since January 15, 2007. The applications were denied initially and upon reconsideration. A request for hearing was timely filed. A hearing was held by an Administrative Law Judge ("ALJ") on March 18, 2010. Plaintiff was represented by counsel and testified at the hearing along with a vocational expert ("VE"). The Administrative Law Judge (ALJ) found in a decision dated March 26, 2010, that Plaintiff retained the residual functional capacity to perform her past relevant work as a manager of a convenience store. The Appeals Council denied Plaintiff's request for review of the hearing decision. Therefore,

---

[1] An Order was issued for "Substitution of Party Due to Death of Plaintiff." Plaintiff's widower, Bernard Williams, Sr., was substituted as the Plaintiff in this action. For purposes of this order, "Plaintiff" will refer to Myrah Williams.

the ALJ's March 26, 2010, decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). Plaintiff filed this action on February 17, 2011, in the United States District Court for the District of South Carolina.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff was born on December 7, 1958, and she was 51 years old on the date of the hearing before the ALJ. (Tr. 31, 96, ). Plaintiff had a high school education (Tr. 32). She had past relevant work as a owner/manager of a convenience store.

As previously set forth, Plaintiff passed away on November 13, 2011. Her surviving spouse, Bernard Williams, Sr., has been substituted as the Plaintiff in this action.

## III. DISABILITY ANALYSIS

The Plaintiff's arguments consist of the following:

(1) The Administrative Law Judge erred by failing to meet her responsibility to fully develop the evidence.

(2) The Appeals Council erred by disregarding new evidence submitted by Plaintiff which was new and material.

(Plaintiff's brief).

In the decision of March 26, 2010, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since January 15, 2007, the alleged onset date (20 CFR 404.1571 *et seq*.).

2

3. The claimant has the following severe impairments: hepatitis C, cirrhosis, and carpal tunnel syndrome (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 2 hours in an 8 hour workday, and sit for 8 hours. The claimant should avoid fumes, dust, chemicals, and poor ventilation. She may never operate motor vehicles or work around hazardous [sic] and would likely be absent up to two days per month.

6. The claimant is capable of performing past relevant work as a manager of convenience store. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2007, through the date of this decision (20 CFR 404.1520(f), 20 CFR 416.920(f)).

(Tr. 13-20).

## IV. PLAINTIFF'S SPECIFIC ARGUMENTS

Plaintiff asserts the Commissioner failed to properly consider additional evidence submitted to the Appeals Council. Specifically, Plaintiff asserts she submitted new, material evidence to the Appeals Council consisting of a "Report of Biopsy" establishing that her hepatitis and cirrhosis had advanced from Stage II to Stage III. (Tr. 153-154). Plaintiff argues the report was not available prior to the hearing as the date the test had been scheduled was within two weeks after the date of the

hearing before the ALJ. The test was a liver biopsy for an evaluation of the severity of Plaintiff's hepatitis and cirrhosis at the time of her hearing. (Plaintiff's brief).

At the time of the hearing, Plaintiff's counsel requested that the record be kept open to submit a copy of the report from a CT of the liver and a CT guided liver biopsy scheduled within two weeks of the date of the hearing. (Tr. 28-29). The ALJ denied the request. (Tr. 29). The hearing was held on March 18, 2010, Plaintiff's appointment for the liver test was scheduled for April 1, 2010, but the decision was rendered on March 26, 2010. Therefore, Plaintiff submitted the report to the Appeals Council for review. The Appeals Council submitted the evidence into the record but found that the information did not provide a basis for changing the ALJ's decision. (Tr. 1-2).

In Meyer v. Astrue, 662 F.3d 700 (4th Cir.2011), the Fourth Circuit held that the Appeals Council is not required to articulate its rationale for denying a request for review. Id. at 707. The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. Once the ALJ renders a decision, the claimant is permitted to submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. § 404.968, 404.970(b). This new evidence is then made part of the record. The regulations, however, do not require the Appeals Council to expressly weigh the newly produced evidence and reconcile it with previously produced evidence before the ALJ. Instead, the Appeals Council is required only to make a decision on whether to review the case and, if it chooses not to grant a review, there is no express requirement that the Appeals Council weigh the newly produced evidence. Meyer v. Astrue, 662 F.3d 705–06.

As the Fourth Circuit addressed in Meyer, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes

4

of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. Meyer held that as long as the newly presented evidence is uncontroverted in the record or all of the evidence is "one-sided", a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. Id. at 707. However, when considering the record as a whole, including the new evidence submitted to the Appeals Council, the court cannot determine whether substantial evidence supports the ALJ's decision. Id. Therefore, remand is necessary because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder." Id.

As the Court found in Meyer, no fact finder has made any findings as to the results of the CT and liver biopsy revealing that her cirrhosis had advanced from a Stage II to a Stage III or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Id. Therefore, it is necessary that this case be remanded for further fact finding as "assessing the probative value of competing evidence is quintessentially the role of the fact finder." Id. Accordingly, this case is remanded, and the ALJ should consider the entire record, including the records submitted to the Appeals Council.

## V. CONCLUSION

For the reasons set forth above, IT IS ORDERED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 5, 2012  
Florence, South Carolina